# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rayphe Daniel Nichols,<br><br>Petitioner,<br><br>v.<br><br>Edward Jensen, et al.,<br><br>Respondents. | No. CV-20-01295-PHX-DWL<br><br>**ORDER** |

On June 29, 2020, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"). (Doc. 1.) On May 20, 2021, Magistrate Judge Bibles issued a Report and Recommendation ("R&R") concluding the Petition should be denied. (Doc. 10.) Afterward, Petitioner filed objections to the R&R (Doc. 11), Respondents filed a response (Doc. 13), and Petitioner filed a motion for a certificate of appealability ("COA") (Doc. 12). For the following reasons, the Court overrules Petitioner's objections, adopts the R&R, denies a COA, and terminates this action.

I.  Background

*The Underlying Crime*. In February 2015, around 2:00 a.m., Petitioner broke into a home in South Phoenix and attacked the residents, a man and a woman, while they attempted to guard the bedroom where their infant daughter was sleeping. (Doc. 10 at 1.) During the struggle, the man hit Petitioner in the head several times with a baseball bat, causing Petitioner to sustain severe head injuries. (*Id.* at 1-2.) Petitioner eventually fled and was found by the police in a nearby parking lot, where he had collapsed. (*Id.* at 2.)

*Trial Court Proceedings*. Petitioner was charged with one count of second-degree burglary and two counts of aggravated assault. (*Id.*) At trial, Petitioner did not testify and the jury was instructed on self-defense, but only as it related to the assault charges. (*Id.* at 2 & n.2.) The jury voted to convict on all counts. (*Id.* at 2.)

At sentencing, the trial court found that Petitioner had eight prior felony convictions and was on probation at the time of the offense. (*Id.*) The court sentenced Petitioner to concurrent terms totaling 15 years for the new offenses and concurrent terms of 1.5 years for the probation violations. (*Id.*)

*Direct Appeal*. Petitioner timely appealed his convictions and sentence. (*Id.*) In his direct appeal, Petitioner asserted claims of (1) prosecutorial misconduct and (2) instructional error. (*Id.*) The Arizona Court of Appeals affirmed and the Arizona Supreme Court denied Petitioner's petition for review. (*Id.*)

*PCR Proceedings*. Petitioner thereafter filed a timely notice of post-conviction relief ("PCR"). (*Id.*) Afterward, Petitioner's court-appointed counsel notified the court that, having reviewed the record, he could not identify any colorable issues. (*Id.*)

Petitioner then filed a *pro per* PCR petition. (*Id.*) It included the following claims: (1) his conviction and sentence were in violation of his constitutional rights; (2) the trial court did not have jurisdiction to render judgment or impose sentence; (3) his sentence was in excess of that authorized by the law; (4) his continued detention was unlawful; (5) judicial bias; (6) instructional error; (7) juror bias; and (8) ineffective assistance of trial and appellate counsel ("IAC"). (*Id.* at 2-3.)

On March 20, 2019, the trial court dismissed Petitioner's Rule 32 petition, finding that his claims of judicial bias, juror bias, and error in the jury instructions were precluded as waived by his failure to present them on appeal. (*Id.* at 3.) As for the IAC claims, the trial court rejected them on the merits because they were conclusory and speculative and because Petitioner had failed to demonstrate deficient performance or prejudice. (*Id.*) Afterward, the Arizona Court of Appeals granted review but summarily denied relief and the Arizona Supreme Court denied review. (*Id.*)

*The Petition.* As noted, Petitioner filed the Petition in June 2020. (Doc. 1.) It raises four grounds for relief: (1) violation of the right to an impartial judge (*id.* at 5-7); (2) due process and Sixth Amendment violations arising from instructional and evidentiary errors and the absence of an impartial jury (*id.* at 7-8); (3) violation of the right to an impartial jury "due to its structurally deficient racial constitution" (*id.* at 8-10); and (4) IAC (*id.* at 10-13).

*The R&R.* The R&R concludes the Petition should be denied. (Doc. 10.) As for Petitioner's first ground for relief, the R&R concludes it is procedurally defaulted, because Petitioner failed to raise it during his direct appeal, and that Petitioner has not demonstrated cause or prejudice to excuse the default or asserted (let alone established) a claim of factual innocence. (*Id.* at 9-10.) As for Petitioner's second ground for relief, the R&R concludes it should be denied on the merits because Petitioner "fail[ed] to establish that the state court's denial of this claim was an unreasonable application of United States Supreme Court precedent regarding due process of law in the context of jury instructions." (*Id.* at 10-11.) As for Petitioner's third ground for relief, the R&R concludes it is procedurally defaulted, because Petitioner failed to raise it during his direct appeal, and that Petitioner has not demonstrated cause or prejudice to excuse the default or asserted (let alone established) a claim of factual innocence. (*Id.* at 12-13.) As for Petitioner's fourth ground for relief, the R&R concludes it is procedurally defaulted in part, "[t]o the extent [Petitioner] asserts different factual bases for his ineffective assistance of counsel claims in his federal habeas petition than those asserted in his state habeas petition," and otherwise fails on the merits because "the state courts' denial of relief was not an unreasonable application of *Strickland*" and "purely speculative cursory allegations of deficient performance or prejudice cannot support a claim of ineffective assistance of counsel." (*Id.* at 13-16.) Finally, the R&R concludes a COA should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right. (*Id.* at 17.)

II. <u>Legal Standard</u>

A party may file written objections to an R&R within fourteen days of being served

with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See* Fed. R. Civ. P. 72(b)(3).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[1]

III.   Analysis

Petitioner's first two objections, which are not a model of clarity, seem to touch upon the issue of procedural default. Specifically, in his first objection, Petitioner "objects to the [R&R] re-phrasing the claim 1-3 and then addressing only part of the claim and limited answer by the State of Arizona." (*Id.* at 1.) And in his second objection, Petitioner

---

[1] *See generally* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 422 (2018) ("A party who wishes to object to a magistrate judge's ruling must make specific and direct objections. General objections that do not direct the district court to the issues in controversy are not sufficient. . . . [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

argues the R&R erred by finding "that certain issues are procedural[ly] barred for not raising claims on direct appeal." (Doc. 11 at 2-5.) According to Petitioner, it was sufficient for him to raise certain claims for the first time during his PCR proceeding. (*Id.* at 5 ["The notion that a defendant [has] to raise a claim on direct appeal is a matter of interpretation which the United States District Court is not bound and jurisdictional."].) These objections lack merit for the reasons identified by Respondents in their response—the R&R addressed the merits of Ground 2, rather than rejecting it on procedural-default grounds, and correctly found that Grounds 1 and 3 are procedurally defaulted because Petitioner failed to present them in his direct appeal in state court. (Doc. 13 at 1-2 & n.1.)

In his third and fourth objections, Petitioner argues the R&R erred in rejecting his IAC claim because "trial counsel were ineffective during critical stage . . . when he failed to get the petitioner re-evaluate[d] for competency and ability to understand and participate in his defense after going through a major brain surgery," because "his attorney fail[ed] to sup[p]ress his statement while still incoherent under heavy pain medication and still recovering, . . . fail[ed] to raise the issue of self defense and [did] not represent[] his objectives on appeal," and because "counsel['s] failures . . . subjected him to be convicted of a higher offense and a more severe sentence imposed." (Doc. 11 at 5-10.) These objections lack merit. As noted, the R&R concluded that Petitioner's IAC claim (to the extent it is not procedurally defaulted) should be denied for the independent reasons that he failed to develop his criticisms with any specificity, he failed to show deficient performance, and he failed to show prejudice. Petitioner's objections represent more of the same. Petitioner does not, for example, explain why his counsel's alleged failure to raise the issue of self-defense resulted in a "higher offense" or "more severe sentence" in a case where Petitioner (who had eight prior felony convictions) broke into a home at 2:00 a.m., engaged in a physical altercation with the residents, and was found outside soon afterward by the police.

Finally, in his fifth and sixth objections, Petitioner argues he is entitled to a COA, for the reasons stated in his separate COA-related motion, and raises a general objection to

the entirety of the R&R. (*Id.* at 10.) The former objection lacks merit because, as the R&R correctly found, Petitioner has not made a substantial showing of the denial of a constitutional right and the latter objection lacks merit because general objections are impermissible under Rule 72.

Accordingly, **IT IS ORDERED** that:

(1) Petitioner's objections to the R&R (Doc. 11) are **overruled**.

(2) The R&R's recommended disposition (Doc. 10) is **accepted**.

(3) The Petition (Doc. 1) is **denied**.

(4) A Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right.

(5) Petitioner's motion for a COA (Doc. 12) is **denied**.

(6) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 8th day of July, 2021.

Dominic W. Lanza
United States District Judge